NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| MY LEFT FOOT CHILDREN'S THERAPY, LLC; JONATHAN GOTTLIEB; ANN MARIE GOTTLIEB, | ) ) ) ) ) | No. 17-15748<br><br>D.C. No. 2:15-cv-01746-MMD-GWF<br><br>MEMORANDUM* |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. HAH15-0632, on behalf of Chaucer Holdings PLC, | ) ) ) ) ) ) | |
| Defendant-Appellee. | ) ) | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 9, 2018**
San Francisco, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and FERNANDEZ, Circuit Judge, and EZRA,*** District Judge.

My Left Food Children's Therapy, LLC, Jon Gottlieb, and Ann Marie Gottlieb (collectively, "MLF") appeal the district court's judgment in favor of Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632 ("Lloyd's") in their action for declaratory judgment that Lloyd's had a duty to defend them pursuant to an insurance policy. The district court determined that Lloyd's billing error coverage for both Loss and Claims Expenses was limited to a total of $25,000. We reverse.

MLF asserts that the Billing Errors Endorsement to the Professional Liability Insurance Policy that Lloyd's issued to it covers Claims Expenses above and beyond the $25,000 limit imposed for losses due to billing errors. We agree.

The policy provisions are ambiguous. They can be read as imposing a $25,000 limit for the total of Loss and Claims Expenses. On the other hand, Claims Expenses are stated separately in the Billing Errors Endorsement, and, while the endorsement does state that it constitutes a sublimit of the Limit of Liability set forth at item 4(a) of the policy's Declarations regarding the

***The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

Professional Liability Insurance Policy, that does not remove the ambiguity. Those Declarations, as amended by the Claims Expenses Endorsement of the policy, do not include Claims Expenses themselves, which are "provided in addition" to the Limits of Liability and are declared to have their own limit of no less than $2,000,000. Certainly, a reasonable insured could expect coverage of Claims Expenses up to that amount. *See Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014); *see also Fed. Ins. Co. v. Am. Hardware Mut. Ins. Co.*, 184 P.3d 390, 392 (Nev. 2008).[1] This conclusion is bolstered by the fact that another endorsement in the policy—the Sexual Misconduct Endorsement—also adds limited coverage to the Professional Liability Insurance Policy, but clearly and specifically provides that the limits stated in that endorsement apply to "Damages, Claims Expenses, or both." A reasonable insured could perceive that Lloyd's knew how to state an absolute combined limit, if that was what it desired. *Cf. Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1264 (Nev. 2017).

We need not, indeed under Nevada law cannot, consider whether we would resolve the ambiguity in the way Lloyd's would prefer and the district court did. Rather, the ambiguity must be resolved in favor of MLF. *See Century Sur.*, 329 P.3d at 616; *Fed. Ins. Co.*, 184 P.3d at 392. Thus, the district court erred when it

---

[1]We note that this is a diversity matter. *See* 28 U.S.C. § 1332(a). We, therefore, apply the law of the State of Nevada. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).

resolved the ambiguity in Lloyd's favor.

REVERSED.